UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

CORNERSTONE HOMES, INC.,

                Debtor.
_____

MICHAEL H. ARNOLD, CHAPTER 11 TRUSTEE
OF CORNERSTONE HOMES INC.,

                Plaintiff-Respondent,

v.                                         Case # 17-CV-6115-FPG

                                                DECISION & ORDER

FIRST CITIZENS NATIONAL BANK,

                Defendant-Petitioner.
_____

MICHAEL H. ARNOLD, CHAPTER 11 TRUSTEE
OF CORNERSTONE HOMES INC.,

                Plaintiff-Respondent,

v.                                         Case # 17-CV-6116-FPG

                                                DECISION & ORDER

THE COMMUNITY PRESERVATION CORPORATION,

                Defendant-Petitioner.
_____

       In two separate but substantially similar adversary proceedings arising out of the Chapter 11 bankruptcy of Cornerstone Homes, Inc., the Chapter 11 Trustee ("Trustee") brought suit against First Citizens National Bank ("First Citizens") and The Community Preservation Corporation ("CPC") seeking to set aside certain loans made to Cornerstone Homes prior to it filing for bankruptcy. *See* Case No. 16-2005-PRW; Case No. 16-2007-PRW. First Citizens and CPC each moved to dismiss the causes of action sounding in actual and constructive fraud. On

February 7, 2017, the United States Bankruptcy Court for the Western District of New York (Warren, *B.J.*) issued a decision and order denying those motions to dismiss. First Citizens and CPC now move for leave to appeal that decision pursuant to 28 U.S.C. § 158(a)(3).

Under 28 U.S.C. § 158(a)(3), district courts have discretionary appellate jurisdiction over interlocutory bankruptcy court orders. *See In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003). In evaluating a request for leave to appeal, district courts in the Second Circuit borrow from the analogous standard set forth in 28 U.S.C. § 1292(b)—which is the standard used by courts of appeals to determine whether to entertain an appeal from an interlocutory district court order. *See, e.g.*, *In re Futter Lumber Corp.*, 473 B.R. 20, 26 (E.D.N.Y. 2012).

First, the movant must establish that the bankruptcy order at issue "involves a controlling question of law." 28 U.S.C. § 1292(b). A question of law is "controlling" if reversal of the bankruptcy court's ruling would terminate the action or materially affect the outcome of the litigation. *In re Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 BRL, 2011 WL 3897970, at *3 (S.D.N.Y. Aug. 31, 2011). The question of law must also be "purely legal, such that the reviewing court can decide it quickly and cleanly without having to study the record." *Id.* (quoting *In re Adelphia Communications Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005)) (internal quotations and alterations omitted).

Second, "the movant must demonstrate that 'there is substantial ground for difference of opinion' as to the controlling question of law." *Id.* (quoting 28 U.S.C. § 1292(b)). This element is established where there is "a genuine doubt as to whether the bankruptcy court applied the correct legal standard." *Id.* (quoting *In re Enron Corp.*, No. 01-16034, 2006 WL 2548592, at *4 (S.D.N.Y. Sept. 5, 2006)). A movant may satisfy this element by (1) showing the existence of conflicting authority on the relevant legal question or (2) showing that the issue is particularly difficult and one of first impression for the Second Circuit. *Id.* Arguments regarding the

bankruptcy court's *application* of the relevant legal standard are insufficient. *Estevez-Yalcin v. The Children's Vill.*, No. 01CV8784, 2006 WL 3420833, at *4 (S.D.N.Y. Nov. 27, 2006) ("Plaintiffs are merely quibbling with this Court's application of the facts to the law, not with the underlying legal rule, which is necessary if this Court is to certify an immediate appeal.").

Third, the movant must show that an interlocutory appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A movant may satisfy this prong by showing that an appeal "promises to advance the time for trial or shorten the time required for trial." *In re Bernard L. Madoff Inv. Sec. LLC*, 2011 WL 3897970, at *3 (quoting *In re Enron Corp.*, 2006 WL 2548592, at *2). In general, challenges to the sufficiency of pleadings are inappropriate for interlocutory review because reversal would simply lead to "a remand for repleading, with possibilities of further interlocutory appeals thereafter." *In re Manhattan Inv. Fund Ltd.*, 288 B.R. 52, 56 (S.D.N.Y. 2002) (quoting *Gottesman v. General Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959)).

In addition to establishing those three elements, the movant must show that "exceptional circumstances exist that overcome the general aversion to piecemeal litigation and justify departing from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Bernard L. Madoff Inv. Sec. LLC*, 2011 WL 3897970, at *3 (quoting *In re Madoff*, No. 08-01789, 2010 WL 3260074, at *3 (S.D.N.Y. Aug. 6, 2010)) (internal quotations and alterations omitted). Interlocutory appeal is "not intended as a vehicle to provide early review of difficult rulings in hard cases." *German by German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995).

Here, First Citizens and CPC have failed to show that an interlocutory appeal is warranted. Rather than pointing to a pure issue of law as to which there is substantial ground for a difference in opinion, First Citizens and CPC largely take issue with the bankruptcy court's

*application* of the relevant legal standards. *See* Case No. 17-cv-6115, ECF No. 1; Case No. 17-cv-6116, ECF No. 1. Further, because the arguments raised by First Citizens and CPC go to the sufficiency of the Trustee's complaint, the Court is not convinced that an appeal at this stage would materially advance the ultimate termination of the litigation. *In re Manhattan Inv. Fund Ltd.*, 288 B.R. at 56. First Citizens and CPC have not identified any exceptional circumstances to justify departing from the basic policy of postponing appellate review until after the entry of a final judgment.

Therefore, the Court declines to exercise jurisdiction under 28 U.S.C. § 158(a)(3). The motions for leave to appeal filed by First Citizens (Case No. 17-cv-6115, ECF No. 1) and CPC (Case No. 17-cv-6116, ECF No. 1) are both DENIED. The Clerk of Court is directed to close these cases.

IT IS SO ORDERED.

Dated: April 17, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court